NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JUAN SOSA,<br><br>    Plaintiff<br><br> v.<br><br>MARK CORA, et al.,<br><br>    Defendants | Civil No. 24-1242 (RMB/EAP)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

  This matter comes before the Court upon the civil rights complaint under 42 U.S.C. § 1983 (Dkt. No. 1) filed *pro se* by Plaintiff Juan Sosa, a convicted and sentenced state prisoner who was incarcerated in Northern State Prison in Newark, New Jersey at the time of filing and has since been released. Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 1 at 23-27), which does not include the affidavit of poverty required by 28 U.S.C. § 1915(a). The Court will deny Plaintiff's IFP application without prejudice. The Court will, nonetheless, screen the complaint under 28 U.S.C. §§ 1915(e)(2)(B)[1] and 28 U.S.C. § 1915A(b), which require courts to screen a complaint for *sua sponte* dismissal, respectively, where the

---

[1] " [A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

plaintiff is proceeding *in forma pauperis* under § 1915(a), and "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Upon such screening, courts must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *Id.*

I.  DISCUSSION

   A.   **Standard of Law**

The standard for dismissal for failure to state a claim under § 1915(e)(2)(B) and § 1915A(b) is the same as the standard for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Daker v. Bryson*, 841 F. App'x 115, 122 (11th Cir. 2020) (holding dismissals "for failure to state a claim under the PLRA are governed by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure") (citation omitted)).  The Rule 12(b)(6) standard requires that "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*,  550 U.S. 544, 570 (2007)).  "Labels and conclusions" and formulaic recitation of the elements required to state a cause of action do not suffice to state a claim.  *Id.* (quoting *Twombly*, 550 U.S. at 555).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556)).  Plausibility requires more than "facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557)).

    **B.**    **The Complaint**

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and identifies three defendants to the complaint:  Mark Cora, an incarcerated person; Administrator John/Jane Doe, Bayside State Prison; and John/Jane Doe contracted healthcare provider(s), University Correctional Health Care.  (Compl. ¶ 4, Dkt. No. 1.)  Plaintiff alleges Defendants violated the Eighth Amendment by failing to protect his safety from an attack by his cellmate and failure to provide adequate medical care for his injuries after he was assaulted by his cellmate.

In support of his claims, Plaintiff specifically alleges that on September 14, 2022, at Bayside State Prison, Plaintiff returned to his cell and found his cellmate, Mark Cora, getting high.  Plaintiff complained to Cora that his behavior was affecting Plaintiff's health, which caused Cora to beat Plaintiff.  Prior to this incident, Plaintiff asked corrections officers to move him to another cell "based on the problems that were taking place." (*Id.* ¶ 6.)  Throughout September, leading up to the assault on Plaintiff, he repeatedly requested a different cell assignment.  After the assault, Plaintiff was taken to the medical department.  At some point, it is unclear when, a medical provider told Plaintiff that he was fine, but Plaintiff continues to suffer constant pain and a runny eye.  Plaintiff concludes "the actions by this medical

staff were very negligent and appear to be a cover up for the officers[']s] actions." (Compl. ¶ 6, Dkt. No. 1.)

### C. Analysis

#### 1. State Actor under 42 U.S.C. § 1983

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). An inmate who assaults another inmate is not acting under color of state law. *See Hudson v. Kintock Grp.*, No. CIV. 12-4728 JBS, 2013 WL 6230268, at *3 (D.N.J. Dec. 2, 2013) (collecting cases). Cora is not a state actor. Therefore, amendment of the § 1983 claim would be futile, and this Court will dismiss the § 1983 claim against Cora with prejudice.

#### 2. Eighth Amendment Failure to Protect Claim Under 42 U.S.C. § 1983

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted). To establish a failure to protect claim, inmates must demonstrate that (1) they are "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official acted with "deliberate indifference" to their health and safety. *Brown v. Maxwell*, No. 23-1480, 2024 WL 1209517, at *2 (3d Cir. Mar. 21, 2024) (quoting *Farmer*, 511 U.S. at 834)). "'[T]he official must actually be aware of the existence of the excessive risk; it is not

4

sufficient that the official should have been aware.'" *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)).

Plaintiff alleges that he requested a new cell assignment multiple times prior to September 14, 2023, "based on the problems that were taking place." Plaintiff does not allege what problems were taking place between himself and his cellmate prior to the assault. The complaint lacks any factual allegations that suggest Defendants were aware of an excessive risk to Plaintiff's safety. Therefore, the Court will dismiss Plaintiff's Eight Amendment failure to protect claims without prejudice.

### 3. Eighth Amendment Inadequate Medical Care Claim under 42 U.S.C. § 1983

To state an Eighth Amendment claim based on inadequate medical care while incarcerated, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (additional citation omitted)). Plaintiff alleges that unidentified healthcare providers negligently misdiagnosed and mistreated his eye condition after Plaintiff was assaulted by another inmate. "'[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" *Id.* at 538, (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (additional citation omitted)).

Plaintiff's disagreement with the medical evaluation and treatment provided to him, and his conclusory allegation that the inadequate treatment was a cover up for the failure by the corrections officers to protect him from his cellmate fails to state a plausible Eighth Amendment claim. Therefore, the Court will dismiss Plaintiff's Eighth Amendment inadequate medical care claims without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's IFP application without prejudice. Pursuant to 28 U.S.C. § 1915A, the Court will dismiss the § 1983 claim against Mark Cora with prejudice; and the Court will dismiss Plaintiff's Eighth Amendment failure to protect and inadequate medical care claims against the John/Jane Doe Defendants without prejudice.

An appropriate Order follows.

**DATE: May 8, 2024**

                                                s/Renée Marie Bumb
                                                Renée Marie Bumb
                                                Chief United States District Judge